# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

639

KA 10-02418

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

TIMOTHY BREWER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered October 4, 2010.  The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child (two counts) and sexual abuse in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him, following a jury trial, of two counts each of predatory sexual assault against a child (Penal Law § 130.96) and sexual abuse in the first degree (§ 130.65 [3]), defendant contends that Supreme Court erred in allowing his former girlfriend (hereafter, witness) to testify at trial regarding the peculiar manner in which the couple engaged in consensual oral sex.  We reject that contention.  The charges arose from allegations that defendant, among other things, forced the two victims, ages nine and seven, to perform oral sex on him inside his apartment.  The victims were the daughters of the witness, who lived with defendant at the time.  One of the victims alleged that, while she performed oral sex on defendant, he was smoking crack cocaine and had his T-shirt pulled over his head.  The other victim alleged that she was forced to perform oral sex on defendant in his bedroom closet, which he referred to as the "bat cave."

Prior to trial, the People filed a written "*Molineux* Proffer" seeking permission from the court to admit direct evidence at trial regarding defendant's frequent use of crack cocaine in the home, and his "unique habit of pulling his t-shirt over his head and securing it behind his neck, then zipping down his pants and receiving oral sex" while he smoked crack cocaine.  According to the People, defendant engaged in such conduct with several women, including the witness, who

was prepared to testify to that effect at trial.  Defense counsel opposed the application on the ground that the evidence was more prejudicial than probative.  The court granted the application without explanation, and the witness subsequently testified at trial that she frequently performed oral sex on defendant in the "bat cave" while he smoked crack cocaine and had his T-shirt pulled over his head.  She further testified that she witnessed defendant engaging in that same conduct in the "bat cave" with another woman.  According to the witness, the victims were not allowed in defendant's bedroom, and therefore could not see any of the sexual activity taking place there or in the adjacent closet.  Defendant testified at trial and denied the allegations.  He acknowledged, however, that he had been addicted to crack cocaine, and that he sometimes smoked it in the "bat cave" while receiving oral sex with his T-shirt pulled over his head.  The jury rendered a guilty verdict on all four counts of the indictment.

It is well settled that "evidence of uncharged crimes is inadmissible where its purpose is *only* to show a defendant's bad character or propensity towards crime" (*People v Morris*, 21 NY3d 588, 594 [emphasis added]).  Stated otherwise, the rule is that, "if the only purpose of the evidence is to show bad character or propensity towards crime, it is not admissible" (*People v Alvino*, 71 NY2d 233, 241).  Here, as a preliminary matter, we note that evidence of defendant's so-called "sexual proclivities" does not constitute *Molineux* evidence because it was neither a crime nor a prior bad act for him to receive consensual oral sex from an adult in a closet with his T-shirt pulled over his head.  The only evidence of an uncharged crime or prior bad act concerned defendant's use of crack cocaine, which was not overly prejudicial to him in the overall context of the trial given that he was not charged with any drug offenses.  In any event, the evidence was not proffered only to show defendant's bad character or propensity toward crime; rather, the stated purpose of the evidence was to corroborate details of the victims' testimony.  As the prosecutor argued in her summation, the victims would not likely know of defendant's sexual proclivities unless they were sexually abused by him.

To the extent that defendant contends that the evidence is inadmissible on relevancy grounds, that contention is unpreserved for our review (*see* CPL 470.05 [2]).  In any event, we reject that contention.  "Evidence is relevant if it has any tendency in reason to prove the existence of any material fact, i.e., it makes determination of the action more probable or less probable than it would be without the evidence" (*People v Scarola*, 71 NY2d 769, 777).  Here, the evidence was relevant because, as noted, it tended to show that the victims were abused in the manner they alleged.

We have reviewed defendant's remaining contentions and conclude that they lack merit.


Entered:  June 19, 2015                      Frances E. Cafarell
                                             Clerk of the Court